UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

STEVEN HARTSFIELD,                   :
                                     :
          Petitioner,                :     Civ. No. 20-10503 (NLH)
                                     :
     v.                              :     OPINION
                                     :
D.K. WHITE,                          :
                                     :
          Respondent.                :
_____:

APPEARANCES:

Steven Hartsfield
78840-004
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

     Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
John T. Stinson, Assistant United States Attorney
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608

     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Steven Hartsfield, a prisoner presently confined

at FCI Fairton, New Jersey, filed this petition for writ of

habeas corpus under 28 U.S.C. § 2241 arguing that his conviction

is invalid due to the Supreme Court's decision in Rehaif v.

United States, 139 S. Ct. 2191 (2019).  ECF No. 1.  Respondent

United States filed a motion to dismiss arguing that the
Petition should be dismissed for lack of jurisdiction.  ECF No.
4.  Petitioner did not file any opposition to the motion.  For
the reasons that follow, the Court will grant the motion to
dismiss.

I.  BACKGROUND

A grand jury in the Southern District of Florida charged
Petitioner and others with conspiring to possess with intent to
distribute a mixture and substance containing five kilograms or
more of cocaine, 21 U.S.C. § 846(b)(1)(A); attempting to possess
the mixture and substance, 21 U.S.C. § 841(a)(1); conspiring to
commit Hobbs Act robbery, 18 U.S.C. § 1951(a); attempting to
commit Hobbs Act robbery, 18 U.S.C. § 1951(a); carrying a
firearm in relation to drug trafficking crimes, 18 U.S.C. §
924(c)(1)(A); and possession of a firearm by a convicted felon,
18 U.S.C. § 922(g)(1).  United States v. Hartsfield, No. 1:07-
cr-20584 (S.D. Fla. July 26, 2007) (ECF No. 28).  Petitioner
went to trial and was convicted by a jury of the § 1951(a), §
924(c), and § 922(g) charges.  Id. (Feb. 26, 2008) (ECF No.
182).  The trial court sentenced Petitioner to a total term of
360 months incarceration.  Id.  The United States Court of
Appeals for the Eleventh Circuit affirmed Petitioner's
convictions and sentence.  United States v. Gonzalez, 322 F.
App'x 963 (11th Cir. 2009).

Petitioner filed motions to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255 in 2010, 2016, and 2019. In

re: Steven Hartsfield, No. 19-15125-D (11th Cir. Jan. 24, 2020).

None of the motions were successful. Id. The Eleventh Circuit

also denied Petitioner permission to file a second or successive

§ 2255 motion based on Rehaif. Id. Petitioner subsequently

filed this petition under § 2241 on August 14, 2020. ECF No. 1

Petitioner argues that his § 922(g) is invalid after

Rehaif, which held that the government must prove the defendant

knew he possessed a firearm and that he knew he had the relevant

status when he possessed the firearm in order to convict under §

922(g). "In the case at hand, the government failed to allege

and prove beyond a reasonable doubt that Petitioner Steven

Hartsfield had knowledge of the requisite elements of § 922(g).

. . . Testimony reveals that Mr. Hartsfield did not know of

weapons that the government claim were in [the] car." ECF No.

1-1 at 6-7. The United States argues this Court lacks

jurisdiction under § 2241 and moves to dismiss the petition.

ECF No. 4. Petitioner did not file any opposition to the

motion.

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides

in relevant part as follows:

3

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. ANALYSIS

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that

4

[the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

Petitioner cannot satisfy the first requirement. In Rehaif, the Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" to obtain a conviction under § 922(g). 139 S. Ct. 2191, 2200 (2019). Petitioner argues the Government failed to prove he knew firearms were present; he does not argue he was unaware of his status. "Petitioner Steven Hartsfield's status as a felon or as an illegal alien is not at question in regards to the status elements of § 922(g). However, he is actually innocent because the elements dealing with his 'conduct' were not proven beyond a reasonable doubt." ECF No. 1-1 at 16. Indeed Petitioner cannot argue that he was unaware of his felon status because "Hartsfield stipulated that (1) he was a convicted felon and (2) that the firearm was in or affected interstate commerce; thus, the only element at issue

5

was whether he knowingly possessed a firearm." United States v. Gonzalez, 322 F. App'x 963, 970 (11th Cir. 2009). See also Greer v. United States, No. 19-8709, ___ S. Ct. ____, 2021 WL 2405146, at *7 (U.S. June 14, 2021) (holding that on direct appeal "a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

Rehaif did not address the possession element of § 922(g); therefore, any challenge to the sufficiency of the Government's proof at trial could have been raised either on direct appeal or in a § 2255 motion. Accordingly, this Court lacks jurisdiction under § 2241. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eleventh Circuit for consideration because that circuit has already denied Petitioner's request to file a second or successive § 2255 motion based on Rehaif. In re: Steven Hartsfield, No. 19-15125-D (11th Cir. Jan. 24, 2020).

IV. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction will be granted.  An appropriate order will be entered.


Dated:  June 21, 2021                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.